UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY WISE** | : | CIVIL ACTION NO.  2:11-CV-306 |
|     FED. REG. #83201-180 | : | SECTION P |
| **VERSUS** | : | JUDGE MINALDI |
| **JOSEPH P. YOUNG, ET Al** | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 on February 23, 2011, on behalf of petitioner Gary Wise.[1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana (FCIO). Petitioner names FCIO Warden, J.P. Young, and the United States, as defendants herein.

Petitioner alleges that the sentence imposed under 18 U.S.C. § 922(g)(4)[2] by the U.S. District Court, Western District of Texas (Austin) is unconstitutional because it is based on the fact that he had previously been committed to a mental health facility.

---

[1] Inmate Edgar Searcy filed this matter as "next friend" of petitioner. Based on the court's determination that it does not have jurisdiction to hear this matter, the court need not determine whether Searcy has standing to proceed in a next friend capacity.

[2] 18 U.S.C. § 922(g)(4)(g) states in pertinent part:
    (g)    It shall be unlawful for any person--
        . . .
        (4) who has been adjudicated as a mental defective or who has been committed to a mental institution, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## *Statement of the Case*

Petitioner states that in 1967, he was committed as a mental patient to the Medfield State Hospital in Massachusetts. He claims that he received treatment there and was released. He does not give the date of his release but states that the "court closed the case without any further episodes requiring hospitalization or court intervention." Doc. 1, p. 3.

Petitioner then states that in May 2008, he was found guilty of violating 18 U.S.C. § 922(g)(4), namely possession of a firearm by a person previously committed to a mental health facility and adjudicated of having a mental disorder. He contends that he possessed the firearm under the protection of the Second Amendment and that his rights have been violated as he is being punished for having a long ago diagnosed illness.

Petitioner claims that the BOP denied his request for early release in order to return home where his personal psychiatrist is located. As relief, petitioner seeks to have the sentence and punishment stricken and to have the charging/sentencing portion of 18 U.S.C. § 922(g)(4) declared unconstitutional.

## *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the *manner* in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal

inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, petitioner collaterally attacks his incarceration with regard to his federal conviction. Since petitioner is contesting errors occurring at sentencing and not the manner in which the sentence is being executed, his claims are more appropriately raised in a § 2255 Motion to Vacate.

However, a § 2255 motion must be filed in the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A review of the published jurisprudence in this matter did not show that petitioner had any convictions/sentences imposed by a court (State or Federal) located in Louisiana.

Petitioner, by his own admission, was sentenced in the United States District Court located in Austin, Texas. Thus, even if petitioner had intended to file a § 2255 Motion to Vacate with this court, the Western District of Louisiana would not have jurisdiction to hear it. *Id.*

Therefore, this court will construe this matter as advanced by petitioner: as a petition for *habeas corpus* pursuant to 28 U.S.C. § 2241.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241, if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the

time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Consequently, he is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself to § 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Recommendation*

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

**IT IS ALSO RECOMMENDED** that all pending motions in this matter [Doc. 2, Motion to Proceed by Next Friend; Doc. 4, Motion for Summary Judgment; and, Doc. 7, Motion for Temporary Restraining Order] be **DENIED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE